IN THE UNITED STATES DISTRICT
COURT - DISTRICT OF DELAWARE

310

FILED MAY 23 2008 U.S. DIST. CT COURT DISTRICT OF DELAWARE

Kenneth Abraham
(hereinafter "P")

v.

Delaware Dept. of Corrections
(hereinafter D.O.C.)
and Carl Danberg, Commissioner
(hereinafter "CD")
and Warden Perry Phelps
(hereinafter "WP")
and Brian Engrem, D.O.C. employee
(hereinafter "BE")

— Complaint —
Lawsuit for Violation
of Civil Rights
in violation of 42 US §§ 1983
and Intentional infliction of emotional distress.
Injunctive relief requested.
in forma pauperis status requested
Counsel requested
Compensatory and Punitive
damages requested.
Jury Trial requested

5/16/08

Comes Now Kenneth Abraham, pro se, and moves this Court as follows:

1. P is incarcerated at D.C.C. in Smyrna, DE, and has been in D.O.C. custody since 1/3/07.

2. P has <u>never</u>, before 9/07, sued anyone on his own behalf.

3. Due to the wrongful, OUTRAGEOUS, criminal actions of D.O.C. personnel, P has had to file two lawsuits against these and other defendants, and the 3rd is nearly ready to file.

4. The conduct referred to in #3 above is referred to in case 07-593, the petition for Declaratory Judgment mailed to this Honorable Court on 5/6/08, and the 83 page lawsuit P sent to SHU Law Library for photocopies on 5/14/08, and will file as soon as possible.

5. During the preceeding 6 months, the defendants named herein have repeatedly sought to delay, hamper,

and hinder P's legal efforts.

6. Defendants have refused to photocopy critical copies of P's "requests to staff" and grievances. These documents were (are) necessary to prove defendants routinely ignore same.

7. Several times during the preceeding 6 months Defendants have provided hundreds of pages of information to P, as required by law, including statutes, cases, sections of AM Jur 2d and other materials.

8. On one occassion defendants refused to answer P's specific "request for paralegal research" and sent a non responsive reply consisting of nearly 400 pages of documents P already had!

9. On at least 6 occassions defendants have taken longer than three weeks to respond to a single request for information or a request for photocopies of a few (<100) pages.

10. P's only access to the law, legal information since being unlawfully, maliciously, and wrongfully placed in the SHU on 11/12/07 is the SHU law library.

11. The only way to obtain legal information is to submit a written request and await a reply, which may or may not be responsive, and takes from 5 days to over a month.

12. It has taken 6 months for P to prepare the necessary lawsuit against "guards" Bryan and Smith", sent to SHU law library for copies on 5/14/08. Said lawsuit still is not complete because P is still awaiting legal information (several cases and fewer than 20 sections of AM Jur 2d, and statutes) requested initially on 4/19/08, and necessary to prepare the complaint.

13. Prior to May/08, the SHU law library has Never requested or

13½. "BE" Knows P has litigation pending against DOC, guards, and still is attempting to have guards arrested for their criminal conduct.

required that any materials provided, except copies of cases, be returned.

Most materials provided P must keep for reference as litigation proceeds.

14. On May 7, 08 defendant BE requested P return a copy of 11 Del C. §4204, previously provided. The first and only time BE has asked for return of anything other than cases.

15. P did immediately respond that P could not locate material requested and asked what, if concerned, what subject, which might help P locate it.

16. Defendant BE ignored P's question and instead on 5/13/08 summarily returned 8 of P's requests for legal information and stated that he would provide no legal information until copy of said statute was returned.

17. P has at least a dozen requests for information pending, still unanswered by SHU Law Library.

18. Defendants are deliberately attempting to delay, hinder and prevent P from successfully holding D. al defendants to account for their illegal, wrongful, consistent, egregiously OUTRAGEOUS actions and inactions in a Court of law.

19. The statement of 5/13/08 that law library will provide no legal information typifies the attitude, pervasive and malignant, held by staff and management of P, that "the law does not apply to us."

20. Defendants are prevented by equitable estoppel

20½ - Exhibits 1/2 A through F attached and incorporated by reference.

18½ P. is greatly emotionally distressed by this action of defendants who know that P has two cases pending in District court and a third nearly ready to file and suddenly conceive P new "requirement" to return papers and use this as a threat to excuse to withhold all legal information. D's a clear pretext, an attempt to harm P.

and the U.S. Constitution, from demanding something they have never demanded before as a precondition to providing access to the law.

21. It is so clearly established that P has a Constitutional right to access to the law that P will not include a legal memorandum to that effect.

22. Defendants' actions are calculated to intimidate P, punish P, and prevent P's litigation.

23. P will be harmed without access to legal materials.

24. Defendants' refusal to provide legal materials violate the 1st, 14th, and 6th Amendments of the U.S. Constitution.

25. On 5/15/08 P did reply to BE's unlawful note of 5/13/08 by explaining that P believes such conduct is unlawful and explaining that P was attempting to find statute requested but obviously BE did not read or chose to ignore P's reply sent on same day as BE's request.

26. On 5/15/08 P prepared a Petition for TRO and Injunction to obtain legal information, and informed defendants it would be filed on 5/20/08 unless legal information P has requested is provided.

27. It is preposterous that this action is necessary due to such clearly unlawful conduct by BE who purports to be a paralegal, <u>malice</u>, and the defendants' desperate desire to <u>stifle</u> the TRUTH of matters asserted by P in his 3 legal actions mentioned hereinabove, are motivating defendants' conduct.

27½. D.O.C. employees frequently state "we stick together."

28. On 5/15/08 P did inform BE that, inasmuch as BE had never before requested return of materials other than cases, P did not have statute requested.

Wherefore, P asks this Court to:

A. Order defendants to provide legal information requested by P within ten (10) days of said request.

29. P incorporates by reference P's Motion for TRO and Injunction dated 5/20/08

B) Award P attorney's fees and costs
C) Grant P's request to proceed in forma pauperis — See financial documents attached
D) Award P Compensatory and PUNITIVE damages
E) Appoint Counsel to assist P in this action, and to subpoena and depose people and documents to determine which other D.O.C. defendants may be collaborating in efforts to hamper P's access to JUSTICE.
F) Provide such other relief as this Court may deem necessary.
G) Order DOC to increase staff at SHU law library, if necessary, so it does not take up to a month to receive a reply to a simple request.

Respectfully Submitted,

/s/ K. AL
Kenneth Abraham
173040SHU17 DL8
DCC
118 Paddock Rd,
Smyrna, DE 19977

Certificate of Service

I, Kenneth Abraham, certify that on this 21st day of May, 2008, I did mail a copy of this Complaint, with attached exhibits, to: Attorney General
Dept. of Justice - Carvel State Ofc. bldg.
820 N. French Street, Wilmington, DE 19801

/s/ K. AH

5/15/08

Exhibit A

To SHU Law Library

From: Ken Abraham 173040
SHU 17 DL8

310

Received your note of 5/13. Obviously you did not read or chose to ignore my reply to your request for §4214, where I wrote "I cannot find 11 Del C. §4214. I have so many notes and papers, what does it concern - what is it about? This may help me locate it." What's the urgency with this statute, when SHU Law Library has provided many statutes and other materials and never requested return of anything except cases?

Furthermore, I do not believe you have the right to withhold all legal information, some of which I've been waiting for since 4/19. I need materials requested, and unless I receive them I'll ~~file for injunction on 5/20/08~~ and we can argue about this in Court!

You must be nuts to think you can withhold all legal information when you are the only source —

KRA

1/28/08  For SHU Law Library   From: Ken Abraham
173860
SHU 19 B-w-4

of 3

I need, please 5 (five) copies of this letter and enclosed resumes.

Thank you,

K-M AR

RECEIVED
JAN 28 2008
SHU LAW LIBRARY

Sent: Photocopies – 5x2=10 pgs

(B.E.)

1-28-08.

Exhibit A

5/15/88 To SHU Law Library    From: Ken Abraham
                              173040
                              SHU17DL8

I do not have 11 Del.C-§4204. Inasmuch as the SHU law library has provided numerous statutes and other materials, and never requested or required the return of any materials except cases, I may have used it for scrap paper or to make paper airplanes after noting pertinent parts.

K. DAL
173040
SHU17DL8

1/26 To: SHU Law Library   From: Ken Abrahan

I need, please,

5 (five) copies of this letter to 3rd Circuit Ct.

Thank you,

K-N-A

3 pages sheets
1 1/2 sided

**RECEIVED**

JAN 28 2008

**SHU LAW LIBRARY**

Sent: Photocopies 5 X 3 = 15 pgs.

B.E.

1-28-08

Since the dates of the following financial documents I have received <u>NO</u> funds or other assets (other than 4 stamps, pen, legal pad, envelopes) and my debt has <u>increased</u>.

5/16/08

Kenneth Abraham